FILED
SUPERIOR COURT
OF GUAM

2023 OCT 13 PM 4:55

CLERK OF COURT

BY:_____ *M*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| RSA-TUMON, LLC, | **CIVIL CASE NO. <u>CV0453-20</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR CONSOLIDATION OF CASES, AND MOTION TO DISMISS** |
| PITT COUNTY MEMORIAL HOSPITAL, INC., AND SHERIF ANTOUN PHILIPS, M.D., | |
| Defendants. | |
| PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED, | **CIVIL CASE NO. <u>CV0478-18</u>** |
| Plaintiff, | |
| vs. | |
| SHERIF ANTOUN PHILIPS, M.D., | |
| Defendant. | |

The Court here addresses the validity of a levy upon Sherif A. Philips' membership interest in RSA-Tumon, LLC's (RSA), purchased by Pitt County Memorial Hospital, Inc. (PCMH). The Court disposes of three motions filed in CV0453-20: (1) RSA's Motion for Summary Judgment, filed on April 19, 2022; (2) PCMH's Motion for Consolidation of Cases, filed on July 5, 2022; and (3) PCMH's Motion to Dismiss, filed on April 24, 2023.[1] The Court

---

[1] Other portions of the Motion to Dismiss are disposed in a separate Order issued concurrently herewith.

**ORIGINAL**

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 2

GRANTS a consolidation of the levy discussion as raised in CV0453-20 with CV0478-18 as it affects the relief provided in the latter case. The Court also GRANTS in part PCMH's Motion to Dismiss as PCMH cannot be enjoined for its completed conduct of levying and purchasing Dr. Philips' interest in RSA. Moreover, the Court GRANTS summary judgment in favor of RSA on its claim for prospective injunctive relief.

## I.  PROCEDURAL BACKGROUND

In CV0478-18, PCMH received a Judgment against Dr. Philips and levied upon his membership interest in RSA, a Delaware Limited Liability Company registered to do business in Guam. CV0478-18 (Judgment (Jan. 24, 2019); Writ of Execution (Oct. 24, 2019); (Not. Levy (Oct. 25, 2019); Am. Not. Levy (Oct. 30, 2019)); *see also* CV0453-20 (Decl. Jocelyn Saccamago ¶¶ 2-3 (Apr. 19, 2022)). PCMH issued a Notice of Execution Sale of Personal Property, which indicated an intent to sell Dr. Philips' "capital, equity or membership interest" in RSA. Not. Execution Sale (Oct. 25, 2019). The Marshals returned the sale and stated that PCMH was the highest bidder and had bid $4,000.00. CV0478-18 (Return of Marshal Sale (Nov. 25, 2019)).

In response to the levy, RSA provided Letters of Undertaking (LOUs) and filed CV0453-20, an interpleader action. The interpleader complaint seeks an injunction against PCMH "from . . . selling, purchasing, levying, or transferring the Membership Interest." CV0453-20 (Compl. Interpleader at 1-4 (July 7, 2020)). As to the LOUs, the Court subsequently found them to be insufficient. CV0478-18 (Dec. and Order Denying PCMH's Mot. Dismiss Claim Filed by RSA at 6 (July 10, 2023)).

Meanwhile, in CV0478-18, this Court granted PCMH's Motion for a Charging Order. CV0478-18 (Order Granting Mot. Charging Order (May 16, 2023); Charging Order (May 17, 2023)). The Court found that PCMH was entitled to a post-judgment Charging Order, which

ORIGINAL

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 3

requires RSA to tender Dr. Philips' share of distributions issued by RSA until the full amount of the Judgment is paid and satisfied.

## II.  CONSOLIDATION OF THIS CLAIM WITH CV0478-18

Guam Rule of Civil Procedure 42 permits the Court broad discretion to consolidate claims. The Court finds that the injunctive relief sought by RSA in CV0453-20 pertains to relief sought by PCMH exclusively in CV0478-18. The Court therefore consolidates this single issue—RSA's request for injunctive relief—with CV0478-18. Based on this Court's Order Dismissing Interpleader Claim issued simultaneously with this Decision and Order, Dr. Philips' accounting counterclaim against RSA remains the sole live issue under CV0453-20.

## III.  INJUNCTION CLAIM

RSA contends that its Operating Agreement, Guam law, and Delaware law all prohibit PCMH from asserting an ownership interest in RSA. RSA moves for summary judgment on its claim that PCMH be enjoined "from . . . selling, purchasing, levying, or transferring the Membership Interest." CV0453-20 (Compl. Interpleader at 4). RSA asks that the Court undo the sale and prevent future transfers by PCMH. CV0453-20 (Pl.'s Reply to PCMH's Opp. to Mot. Summ. J. at 4 (May 31, 2022)). PCMH moves to dismiss the injunction claim as moot because PCMH has already levied on Dr. Philips' interest, and the Operating Agreement does not bind PCMH.

### A.  RSA Cannot Enjoin a Past Act.

PCMH argues that the Court may not issue an injunction because the levy and sale already occurred. *See Putnam v. Fortenberry*, 589 N.W.2d 838, 842 (Neb. 1999) ("The purpose of an injunction is to restrain actions that have not yet been taken."). RSA responds that the

ORIGINAL

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 4

LOUs released the levy; however, as the court has already determined, the LOUs were insufficient. RSA offers no other argument at present which would undo the Marshal's sale. For this reason, the Court GRANTS in part PCMH's Motion to Dismiss RSA's request for an injunction, as the time for RSA to seek such relief as to the initial sale has passed.

## B. RSA Is Entitled to an Injunction Against Further Sales of the Acquired Interest.

Although the Court cannot enjoin a past act, it can examine whether future transfers of RSA's interest are entitled to protection. In seeking a permanent injunction, a plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that a permanent injunction would not disserve the public interest. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010).

The Court first recognizes the following provisions within RSA's Operating Agreement:

1. Members may not transfer their units;

2. Any transfer of units that is not permitted shall be "null and void and of no effect whatsoever;"

3. RSA may be required to recognize a transfer unpermitted by the Operating Agreement, in which case, the transferred interest is strictly limited to the transferor's economic interest and any allocations and distributions of such interest; and

4. In the event of an unpermitted transfer, RSA can purchase the units that are the subject of the transfer.

ORIGINAL

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 5

CV0453-20 (Decl. Jocelyn Saccamago, Ex. A at §§ 5.1, 5.1.3, 5.3.3).

Next, the Court reviews the legal authorities governing a judgment against RSA. Guam's LLC law permits a court to charge an LLC member's interest toward a judgment creditor's unsatisfied amount. 18 GCA § 15117(C). However, "[t]o the extent so charged, the judgment creditor has only the rights of an assignee of the membership interest." *Id.* Guam law further states that a foreign LLC's organization, internal affairs, and the authority of its managers and members shall be governed by the law of the state under which it is organized. 18 GCA § 7301. It is undisputed that RSA is an LLC organized under the laws of Delaware; thus, under section 7301, Delaware's laws apply to the governance of RSA.

Delaware law limits a creditor seeking to enforce a monetary judgment to the entry of a charging order; "attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor . . . ." Del. Code Ann. tit. 6, § 18-703 (eff. 2013). Moreover, "No creditor of a member or of a member's assignee shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company." *Id.*

PCMH contends that as a third-party creditor, it is not bound by the Operating Agreement nor Delaware law. In support, PCMH cites *RTM Capital Partners, Inc. v. Barnes*, 2021 WL 5630019 (D. Conn.), which concerns whether an operating agreement's arbitration provision applies to third parties. Recognizing that the agreement's arbitration provision "applies only to 'parties,'" the court determined that the term did not bind non-signatories. *Id.* \*7.

The operating agreement provision at issue here does not concern arbitration but relates to transferring membership interests. *RTM Capital Partners* therefore has questionable applicability. In contrast, a series of cases directly apply operating agreement provisions beyond

ORIGINAL

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 6

the agreements' signatories. In *In re Marriage of Schlichting*, 19 N.E.3d 1055 (Ill. App. Ct. 2014), for example, the appellate court reversed a lower court's determination to transfer one spouse's interest to the other spouse in a divorce proceeding. The appellate court found that this involuntary, court-mandated transfer required the member spouse to violate the operating agreement and amounted to an abuse of discretion. *Id.* at 1066-68. Equating LLC operating agreements to contracts, the Court held, "a court should not interfere with the terms of a contract that parties entered into freely." *Id.* at 1067. Finally, the Court noted that the operating agreement offered another remedy (i.e., a valuation process within a divorce proceeding). *See also Castonguay v. Castonguay,* 306 N.W.2d 143, 146 (Minn. 1981); *Kloppenburg v. Kloppenburg,* DM0055-08 (Dec. and Order (May 27, 2016)) (court abided by transfer restriction in a stock acquisition agreement).

While this is admittedly not a marital dissolution proceeding, the policies underlying these cases are that courts should not force violations of operating agreements, particularly when other remedies are at hand. The Court adopts this approach and finds that RSA is entitled to a permanent injunction. RSA has established an irreparable injury in the transfer of a membership interest in RSA, which is contrary to its Operating Agreement and governing legal standards. There are no monetary damages that can replace that interest. Because a Charging Order continues to require that PCMH receive Dr. Philips' distributions, RSA has a greater hardship in being forced to recognize an unpermitted transfer. Lastly, the public interest is not implicated or disserved by a permanent injunction.

RSA having satisfied all four elements of a permanent injunction, the Court grants RSA's request and enjoins PCMH from further transferring the interest it acquired at the Marshal's sale.

ORIGINAL

CV0453-20
CV0478-18

DECISION AND ORDER
RE MOTION FOR SUMMARY JUDGMENT, MOTION FOR
CONSOLIDATION OF CASES, AND MOTION TO DISMISS

Page 7

## IV. CONCLUSION

First, the Court consolidates the injunction issue in CV0453-20 with CV0478-18. Future motions relative to the remedies sought by PCMH shall be filed in CV0478-18 only. Second, the Court GRANTS in part PCMH's Motion to Dismiss and rules that RSA is untimely in attempting to enjoin PCMH from receiving Dr. Philips' membership interest. Third, the Court GRANTS RSA's Motion for Summary Judgment and determines that PCMH may not further transfer Dr. Philips' membership interest in RSA and is enjoined from doing so.

**SO ORDERED, 13 October 2023.**

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Parties:
Anita P. Arriola, Esq., and William B. Brennan, Esq., Arriola Law Firm, for Plaintiff RSA –
Tumon, LLC
Daniel J. Berman, Esq., Berman Law Firm, for Defendant Pitt County Memorial Hospital,
Incorporated
Sherif Antoun Philips, M.D., *pro se* Defendant

ORIGINAL